NO. 07-09-0037-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 21, 2009
_____

SHANE TYSON MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,740-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**ORDER OF ABATEMENT AND REMAND**

Appellant, Shane Tyson Moore, has timely given notice of appeal from a conviction and sentence in the 251st District Court of Potter County, Texas (the trial court). The reporter's record and trial court clerk's record were due to be filed no later than March 6, 2009. The clerk of this court received a request for extension from the trial court clerk dated March 18, 2009, which advised this court that appellant has not paid or made arrangements for payment of the record. Additionally, the trial court clerk advised us that no attorney had been appointed on the appeal. On March 20, we received a partial clerk's record showing that appellant's trial counsel had been allowed to withdraw from appellate

representation. On April 9, we received notice from the court reporter that appellant had not requested the preparation of the record. Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given, if necessary, and, thereafter conduct a hearing to determine the following:

1.	whether appellant desires to prosecute the appeal, and if so,

2.	whether appellant is indigent and entitled to appointed counsel.

If the trial court determines that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, including the appointment of new counsel if necessary. The trial court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or the newly-retained attorney. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by May 21, 2009.

It is so ordered.

Per Curiam

Do not publish.

2